IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-mc-00201-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL L. BENDER,
BRIAN BOATRIGHT,
NATHAN B. COATS,
ALLISON H. EID,
NANCY E. RICE,
MONICA M. MARQUEZ, and
GREGORY J. HOBBS, JR.,

    Defendants.

## ORDER OF DISMISSAL

Lawrence M. Jiron, a prisoner in the custody of the Colorado Department of Corrections, has submitted for filing a Complaint (ECF No. 1) alleging that Defendants have violated a number of federal criminal statutes.  It appears that Mr. Jiron seeks to initiate a criminal case against Defendants in the name of the United States of America.  However, the fact that Mr. Jiron has listed the United States of America as the Plaintiff in the caption of the Complaint does not make the United States of America a party to this action.  For the reasons stated below, the Court will dismiss the action.

Courts universally endorse the principle that private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972)

("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, the Court finds that Mr. Jiron lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. Accordingly, it is

ORDERED that the action is dismissed because Lawrence M. Jiron lacks standing to file and prosecute a criminal action.

DATED at Denver, Colorado, this  9th  day of    December   , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court